UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:20-CR-15-PPS-JEM |
| LAVELLE HATLEY, | ) ) |
| Defendant. | ) |

## **OPINION AND ORDER**

A difficult sentencing issue of first impression is presently before me, and the stakes are exceedingly high for the defendant, Lavelle Hatley. Mr. Hatley pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Hatley was previously convicted in this court of eight Hobbs Act robberies. The issue is whether Hobbs Act robbery is a violent felony under the Armed Career Criminal Act (ACCA). If it is, then Hatley faces a mandatory minimum of 15 years (180 months) in prison. If the answer is no, then the United States Sentencing Guidelines yield a range of imprisonment of 57-71 months. I asked the parties to submit briefing and provide oral argument regarding the issue of whether a Hobbs Act robbery is a violent felony under 18 U.S.C. § 924(e). The parties briefed the issue and presented oral arguments to the court on April 20, 2021. [DE 55.] Supplemental briefing followed. [DE 56, 61.] After much consideration, I find that a Hobbs Act robbery is a violent felony under § 924(e).

**Background**

The facts are straight-forward: on January 9, 2020, officers stopped Hatley for speeding, failing to wear a seatbelt, and failing to signal a turn. [DE 50 at 2-3.] Hatley fled and upon being apprehended, police recovered a Smith & Wesson revolver from his waistband. *Id.* at 3. Hatley admitted he carried the gun to protect his family after receiving death threats. *Id.*

On November 5, 2020, Hatley pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which has a statutory maximum sentence of ten years. [DE 33.] The government argues that the ACCA applies because Hatley has eight prior Hobbs Act robbery convictions, which stem from a multi-count indictment, plea, and judgment in a 2012 case before Judge Moody. [DE 48]; *United States v. Elmore, et al,* 2:12-CR-76-JTM-JEM. After pleading guilty in the earlier case to the eight robbery counts, Hatley was sentenced by Judge Moody to 108 months, each count running concurrently. [DE 48 at 2, 11.] The parties do not dispute these prior convictions. Rather, as noted above, they disagree whether the convictions qualify as "violent felonies" under the ACCA.

**Discussion**

The ACCA imposes an enhanced sentence when a defendant possesses three prior convictions for "violent felonies." 18 U.S.C. § 924(e). If this enhancement applies, Hatley's sentencing range jumps from a maximum of ten years to a range of fifteen years to life. In determining whether a Hobbs Act robbery qualifies as a "violent felony" under the Armed Career Criminal Act, I use the categorical approach outlined by the

Supreme Court. *Descamps v. United States*, 570 U.S. 254, 261 (2013); *Bridges v. United States*, 991 F.3d 793, 800 (7th Cir. 2021). The categorical approach requires me to keep a myopic focus only on the statutory definitions of the prior convictions, without considering any underlying facts. *Descamps*, 570 U.S. at 261; *Bridges*, 991 F.3d at 800.[1] This approach "presumes that a conviction rests on the least serious acts that would satisfy the statute, regardless of the offender's actual conduct." *Bridges*, 991 F.3d at 800 (citing *United States v. Campbell*, 865 F.3d 853, 856 (7th Cir. 2017) and *Johnson v. United States*, 559 U.S. 133, 137 (2010)). As many courts have recognized, this daffy area of the law can lead to some confounding results.

In all events, because this exercise requires an analysis of whether the recidivist statute (the ACCA) is a categorical fit with the underlying crime (Hobbs Act robbery), I start by reviewing the statutory language. First, the ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

---

[1] The Hobbs Act is divisible between robbery and extortion. *United States v. Gooch*, 850 F.3d 285, 291 (6th Cir. 2017). But everyone agrees that Hatley was not convicted of Hobbs Act extortion so we can ignore that provision for present purposes.

18 U.S.C. § 924(e)(2)(B). As can be seen, the ACCA has two clauses: the force clause and the enumerated clause. The force clause under § 924(e)(2)(B)(i) requires a showing that the underlying offense includes an element of physical force against the "person of another." The enumerated clause under § 924(e)(2)(B)(ii) includes the crimes of burglary, arson, extortion, or ones involving the use of explosives. While § 924(e)(2)(B)(ii) also includes "otherwise involves conduct" language, commonly referred to as the "residual clause," the Supreme Court has held that this language is unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 598 (2015). Just to clarify, the residual clause is beside the point in this case because the focus is only on the force clause and the definition of "extortion" in the enumerated clause.

As noted above, the only prior convictions at issue here are the eight convictions for Hobbs Act robbery. *See* Presentence Report at ¶31. To do a side by side comparison with the ACCA, I consider the relevant language from the Hobbs Act, which states:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery (violates this provision).
>
> (b) As used in this section—
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951. Thus, under § 1951(b)(1) a robbery can be committed by threatening force against either (1) a person or (2) property.

So, in comparing the elements of a Hobbs Act robbery against the definition of "violent felony" in the ACCA's force clause, Hatley's argument is straight-forward: Because the ACCA is limited to crimes involving physical force against the person of another, and because a Hobbs Act robbery can be committed by physical force against the person *or property* of another, the Hobbs Act offense is broader. Therefore, the argument goes, Hobbs Act robbery is not a violent felony under the ACCA. But it's not that simple.

The ACCA also has enumerated felonies that automatically qualify as a predicate offenses, and extortion is one of them. 18 U.S.C. § 924(e)(2)(B)(ii). The question becomes whether a Hobbs Act robbery can be considered an "extortion" under the ACCA's enumerated clause. Framing the issue this way is admittedly odd since the Hobbs Act can itself be violated by acts of extortion. When, for example, a building inspector tells a contractor he isn't getting a building permit unless he ponies up with some cash, this is a Hobbs Act extortion. But, to repeat, I am not concerned with Hobbs Act extortion in this case; my focus is on Hobbs Act *robbery,* because that is the crime Hatley was convicted of. (As I said earlier, there is nothing intuitive about any of this). Anyway, when trying to decide if a Hobbs Act robbery can be an "extortion" under the ACCA, I am to consider whether "the relevant statute has the same elements as the 'generic' ACCA crime." *Descamps*, 570 U.S. at 261; *see also Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (providing that enumerated offenses are given their generic meaning).

Generic "extortion" is the "obtaining of something of value from another with his consent induced by the wrongful use of force." *Scheidler v. Nat'l Org. for Women, Inc.* 537 U.S. 393, 410 (2003) (citing the Model Penal Code). The force can include threats to property. So, for example, when a person says to another, "give me a $1,000 or I'll slash your tires," that is an extortion in the generic sense. In other words, it is the obtaining of property of another (the $1,000 in my example) induced by the wrongful use of force (the threat to slash the tires). The fact that the force being applied is against property is neither here nor there. *See United States v. Becerril-Lopez*, 541 F.3d 881, 891-92 (9th Cir. 2008); *see United States v. Castillo*, 811 F.3d 342, 346-47 (10th Cir. 2015) ("the majority view [is] that the unlawful taking of property of another by threats to property falls within the definition of extortion." (citing 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.4 n.16 (2d ed. 2003) (collecting statutes)); *see also* *United States v. Bankston*, 901 F.3d 1100, 1103 (9th Cir. 2018) (the crime of generic extortion involves threats to property).

The takeaway is from all of this is that under the ACCA, a Hobbs Act robbery necessarily falls under *either* the force clause *or* under the enumerated crime of generic extortion. If the robbery is committed by using force against another, then it meets the force clause under § 924(e)(2)(B)(i), and if the crime is committed by making threats against property, then it is an "extortion" under § 924(e)(2)(B)(ii). In other words, I can conceive of no way for a defendant to commit a Hobbs Act robbery that isn't either a generic extortion (under the enumerated clause) or involves the use of force against the

person of another (the force clause). Therefore, the commission of a Hobbs Act robbery is always a "violent felony" under the ACCA.

This "either/or" approach has been used by several courts, albeit in slightly different contexts. In 2008, the Ninth Circuit considered whether a conviction under a California robbery statute constituted a "crime of violence" and whether the district court properly enhanced the defendant's sentence by applying the career offender enhancement under the Guidelines. *Becerril-Lopez*, 541 F.3d at 889. It is true that the Ninth Circuit later abrogated *Becerril-Lopez* in *Baldon* based on amendments made to the Guidelines, which narrowed the definition of extortion by excluding threats against property from the definition. *United States v. Baldon*, 956 F.3d 1115, 1122 (9th Cir. 2020) (finding that the definition of the prior crime was broader than the definition of "crime of violence" in the Guidelines). But that is beside the point for these purposes because I am considering the ACCA not the career offender provisions of the Guidelines, and no change has been made to the generic definition of "extortion" under the ACCA. So, while *Becerril-Lopez* was later abrogated, it is nonetheless helpful guidance, at least by analogy.

The California robbery statute analyzed in *Becerril-Lopez* defined robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." *Becerril-Lopez*, 541 F.3d at 890 (citing Cal. Penal Code § 211). And under California's statute, "[f]ear is defined as either the fear of an unlawful injury to the person or

property" of another. *Id.* at 890-91. As the court stated, this means that "Section 211 . . . encompasses mere threats to property, such as 'Give me $10 or I'll key your car' or 'Open the cash register or I'll tag your windows.'" *Id.* at 891. Thus, a conviction under the California robbery statute was a qualifying conviction either as a robbery or as a generic extortion (prior to the Guidelines Amendment in 2016). *See also United States v. Harris,* 572 F.3d 1065 (9th Cir. 2009) (same).

The Tenth Circuit in *Castillo* considered a similar issue—whether California's robbery statute was categorically a crime of violence under an earlier version of guideline § 2L1.2. *Castillo,* 811 F.3d at 345. Using the "either/or" approach as I'm calling it, the court held that § 211 of the California Penal Code is categorically a crime of violence under § 2L1.2 as "either a robbery or extortion." *Id.* at 347. In other words, the court recognized that a violation of § 211 achieved through threats to a person meets the generic robbery definition, while a violation of § 211 based on a threat to property corresponds to generic extortion. *Id.* at 348-39; *see also United States v. O'Connor*, 874 F.3d 1147, 1152 (10th Cir. 2017) (briefly discussing *Castillo*).

The "either/or" approach was also used in *United States v. Montiel-Cortes*, 849 F.3d 221, 227-29 (5th Cir. 2017) where the court considered the Nevada robbery statute in the context of the 2015 version of Guideline § 2L1.2(b)(1)(A). The court held that in situations where the commission of an offense is either a robbery or an extortion, then the prior is countable. *Id.* "In sum, we conclude that a conviction under the Nevada robbery statute . . . necessarily is a crime of violence under the categorical framework. Any Nevada robbery involving an immediate danger would satisfy the generic,

contemporary definition of robbery, while any Nevada robbery involving a future danger would satisfy the generic, contemporary definition of extortion." *Id*. at 229 (citing *Harris*, 572 F.3d 1065).

This case is different from the Seventh Circuit's recent holding in *Bridges* where the court considered whether a Hobbs Act robbery is a crime of violence under the career offender sentencing guidelines. *See* U.S.S.G. § 4B1.2. The court held that Hobbs Act robbery does not qualify as a "crime of violence" under the Guidelines, because a "Hobbs Act robbery criminalizes threats against property, and both generic robbery and guideline extortion reach only threats against persons. Hobbs Act robbery is not a categorical fit, so Bridges was not convicted of a crime of violence *as the Guidelines define that phrase*." *Bridges v. United States*, 991 F.3d 793 (7th Cir. 2021) (emphasis added). *Bridges* focuses on the definition of a "crime of violence" in the recently amended U.S.S.G. § 4B1.2. It held that the term "extortion" as used in the Guidelines is limited to physical injury to a person. *Id*. at 802. Therefore, a Hobbs Act robbery and the career offender guidelines are not a categorical fit. *Id*. at 802. In other words, the Guidelines use a narrower version of the term "extortion" than generic extortion in the ACCA at issue in this case. *See also Bankston*, 901 F.3d at 1103-04 (discussing the amended Guidelines definition of extortion as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." (citing U.S.S.G. § 4B1.2 cmt. n.1 (2016); U.S.S.G. Supp. Appx. C, Amend. 798 (Aug. 1, 2016))).

In sum, Hatley's eight Hobbs Act robbery convictions were either against a person of another, and thus met the elements clause of the ACCA, or were against the property of another thus meeting the requirement for generic extortion under the ACCA. As such, this convoluted area of law has ensnared Mr. Hatley; he is an armed career criminal.

## Conclusion

For the foregoing reasons, the Hobbs Act robbery qualifies as a "violent felony" under § 924(e) of the Armed Career Criminal Act.

SO ORDERED on June 22, 2021.

<u>/s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT